UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSE CONTRERAS ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-1589** |
| **DD MARINE, LLC ET AL.** | **SECTION "B"(2)** |

ORDER AND REASONS

Nature of Motions and Relief Sought:

Before the Court are third party defendant Catlin Speciality Insurance Company's ("Catlin") Motion for Judgment on the Pleadings, third party plaintiffs Arena Offshore, L.P. ("Arena") and DD Marine, LLC's ("DDM") joint opposition, and Catlin's reply (Rec. Docs. No. 64, 82, and 83-1). Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that the Motion to is **DENIED.**

Cause of Action and Facts of Case:

Plaintiffs Jose Contreras and Pablo Hernandez initiated this case by bringing maritime tort claims against Arena and DDM for personal injuries alleged to have occurred on January 10, 2012, during a personnel basket transfer from an offshore platform owned and operated by Arena to a crew boat owned and operated by DDM. (Rec. Doc. No. 1 at 1-4). Plaintiffs assert that both Arena and DDM negligently performed the transfer in rough seas and seek a variety of damages. (*Id.* at 4).[1]

---

[1] Plaintiffs have twice amended their complaint, adding RCI Consultants and Wood Group PSN as defendants, asserting similar claims for each party's involvement in the transfer. (Rec. Docs. No. 27 and 71). Neither of those parties are involved in the instant motion.

On the date of the accident, Plaintiffs were employed as welders by Performance Group, LLC ("Performance"), which provides labor and construction services on Arena's oil platform pursuant to a Master Services Contract ("MSC") between Performance and Arena. (Rec. Doc. No. 64-2 at 2). The MSC contains both "Indemnity" and "Insurance Provisions." The indemnity clause requires Performance to indemnify and defend Arena and its subcontractors against all work-related claims brought by Performance's employees. (Rec. Doc. No. 64-3 at 3). The "Insurance" clause required Performance to (1) procure liability insurance with coverage mirroring Peformance's indemnity obligations under the MSC, (2) to include Arena as a primary insured under such insurance, and (3) to bill Arena directly for all related premiums. (*Id.* at 2-3.) Relying on these provisions and the insurance policy allegedly procured in accordance therewith, Arena and DDM filed third-party claims for defense and indemnity against Performance Group and Catlin, its primary liability insurer. (Rec. Doc. No. 29).[2]

As to Catlin, Arena and DDM (collectively, the "Third Party Plaintiffs") seek defense and indemnity under a general commercial liability policy that Performance procured from Catlin in alleged satisfaction of the MSC's insurance provisions. (Rec. Docs. No. 29

---

[2] Arena filed a Third Party Complaint against Performance and Catlin (Rec. Doc. No. 29) and DDM asserted nearly identical cross-claims against the same parties in its Answer (Rec. Doc. No. 45). Because these claims are identical in all respects pertinent to the isntant motion, they will be referred to collectively as "third party claims" hereinafter.

at 4 and 45 at 14).

Catlin now seeks dismissal of both third party claims. Catlin admits to issuing Performance a liability policy for the term beginning January 1, 2012 and ending January 1, 2013, but asserts that Arena was not added as an insured party until February 27, 2012, over a month after the accident.

Law and Argument:

1. 12(c)Standard of Review

A motion for judgment on the pleadings under Rule 12(c) is subject to the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir.2008); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir.2002). In determining whether dismissal is appropriate, the court must decide whether the facts alleged in the pleadings, if true, would entitle the plaintiff to some sort of legal remedy. *Ramming v. U.S.*, 281 F.3d 158, 162 (5th Cir.2001); *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir.1994). To survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Judgment on the pleadings is appropriate only if there are no disputed issues of material fact and only questions of law remain.

*Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir.1998). In considering Rule 12(c) motions, a court may consider documents that a defendant attaches to the motion that are referred to in the plaintiff's complaint and central to the claims therein. *In re Chinese Manufactured Drywall Products Liability Litigation*, 759 F.Supp. 2d 822, 828 (E.D. La. 2010).

2. Analysis

Dismissal is not in order here because Catlin seeks to resolve a factual issues at the pleadings stage and cites no relevant legal authority.

Catlin admits that it issued general liability policy number PKG-206329-0113 to Performance. (Rec. Doc. No. 64-2 at 6). Catlin further admits that this policy covered the period from January 1, 2012, through January 1, 2013. (Rec. Doc. No. 64-2 at 6). Catlin asserts, however, that Arena was added as an insured only after the underlying accident, rendering claims for injuries incurred prior to that date "not covered." (*Id.*) In support, Catlin points to "Endorsement 2," which it attached to the instant motion along with one-hundred and eight other pages related to policy number PKG-206329-0113. Endorsement 2 contains a self-styled "effective date" of February 27, 2012, amending "Section II" of PKG-206329-0113 by expressly adding Arena as an insured party. (Rec. Doc. No. 64-4 at 104).

The Third Party Plaintiffs point to a separate, undated,

endorsement contained within the same one-hundred and nine page document attached to Catlin's motion. This endorsement is built from the same boilerplate form as "Endorsement 2" relied upon by Catlin. However, in this instance the form amends "Section II" of PKG-206329-0113 to add insured parties on a "[b]lanket where required by written contract" basis. (*Id.* at 84). The Third Party Plaintiffs therefore contend that PKG-206329-0113 covered Arena and its subcontractors at the time of the accident, arguing that the MSC insurance provision triggered coverage under said endorsement. (Rec. Doc. No. 82 at 4).

Several issues of both fact and law remain unresolved by either party's brief. Most obviously, the date of the endorsement relied on by the Third Party Plaintiffs remains unclear. Catlin's reply brief remains silent on the issue. (Rec. Doc. No. 90). Moreover, the legal import of such "effective dates" is left unaddressed by both parties. Accordingly, dismissal of these third party claims would be premature here.

Catlin spends the majority of its papers arguing that the Louisiana Anti-Indemnity Act and the Longshore Harbor Workers' Compensation Act void the MSC's indemnity provisions. (Rec. Doc. No 64 at 7-15). The validity of those contractual indemnity provisions are irrelevant to the third party claims at issue here, however, because those claims seek indemnity under an insurance policy and not the MSC's indemnity clause. In the terms Arena's Third Party

Complaint, Arena seeks declaratory judgement "recognizing" that policy number PKG-206329-0113 provides "Arena and Arena's contractors...with coverage for the claims asserted by Jose Contreras and Pablo Hernandez." (Rec. Doc. No. 29 at 6). In short, these claims in no way depend on the validity of the MSC's indemnity provisions. While the blanket endorsement might render policy number PKG-206329-0113 dependent on the validity of the MSC's insurance provision, Catlin has not expressly addressed that issue. Rather, each of the cases Catlin addresses at any length concern the validity of indemnity provisions *per se*, and not insurance claims or contractual provisions calling for insurance procurement. Accordingly, and for the reasons articulated above,

    **IT IS ORDERED** that the motion is **DENIED.**

    New Orleans, Louisiana, this 7th day of November, 2013

                                                   UNITED STATES DISTRICT JUDGE